UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jane Doe,

    Plaintiff,

v.                                                                            Case No. 06-12493

Tecumseh Public Schools, Richard Fauble,                 Honorable Sean F. Cox
Linda Hutchinson, James Gilmore,
Matthew Peterson, Rachel Peterson,

    Defendants.
_____/

**OPINION & ORDER
GRANTING DEFENDANT PETERSON'S
MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

This matter is currently before the Court on Defendant Matthew Peterson's *pro se* Motion to Set Aside Clerk's Entry of Default. The parties have fully briefed the issues and the Court finds that oral argument would not significantly aid the decisional process and therefore orders that the motions will be decided upon the briefs. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court shall GRANT the motion.

BACKGROUND

Plaintiff filed this action on June 5, 2006. As indicated in the complaint, one of the Defendants, Matthew Peterson ("Peterson"), is currently incarcerated on criminal charges.

On November 21, 2006, a Clerk's Entry of Default was filed as to Peterson after he failed to respond to the complaint. On January 31, 2007, Plaintiff filed a motion seeking a default

judgment against Mr. Peterson.

On February 23, 2007, the Court received a letter from Mr. Peterson, indicating that he would like to defend himself in this action but that he has not done so to date because he believes that such action is prohibited by a ruling made by a state court judge. In an Order dated March 1, 2007, this Court directed the parties to 28 U.S.C. §1654 and indicated that Peterson may represent himself in this matter if he chooses to do so.

The Court further explained that *pro se* filings, such as Peterson's February 23, 2007 letter, are to be construed liberally (*see e.g., Owens v. Keeling,* 461 F.3d 763, 776 (6th Cir. 2006)) and that Court construes Mr. Peterson's *pro se* submission as a Motion to Set Aside the Clerk's Entry of Default, so that he can then file an answer to Plaintiff's complaint and defend himself in this action. Pursuant to the Court's March 1, 2007 Order, Plaintiff filed a timely response in opposition to the motion on March 16, 2007, and Peterson filed a timely reply.

## ANALYSIS

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." When evaluating either a motion to set aside an entry of default or a default judgment, the court should consider three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).

"Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an

2

entry of default. However, a strong preference for trials on the merits in federal courts had led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). In practice, a "somewhat more lenient standard" is applied where there has only been an entry of default and no default judgment has been issued. Thus, although the above three part test is used when considering a clerk's entry of default or a default judgment, the standards are applied more stringently when considering a motion to vacate a default judgment. *Id.*

In response to Peterson's motion, Plaintiff asserts that relief should be denied because: 1) Peterson has not articulated any meritorious defense to Plaintiff's claims; 2) Plaintiff would be prejudiced because granting the motion will cause a delay this matter; and 3) the default was the result of culpable conduct by Peterson.

A.      Meritorious Defense:

In her Response, Plaintiff acknowledges that in order to establish a meritorious defense for purposes of setting aside a default the defendant "must simply advance a defense 'good at law,' not necessarily one that will likely succeed. *United Coin Meter Co.*, 705 F.2d at 845." (Pl.'s Resp. at 5). Plaintiff further acknowledges that "[t]he key to the meritorious defense inquiry is the determination of 'whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.' *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987)."

While Peterson's *pro se* opening brief did not articulate a meritorious defense, Peterson filed a timely reply brief in which he does contest the facts that form for the basis for Plaintiff's claims. Peterson has therefore articulated a meritorious defense.

B. <u>Prejudice To Plaintiff</u>:

  The Court also concludes that Plaintiff has not shown that she will be prejudiced if the default is set aside.  In order to establish prejudice, Plaintiff must point to something more than delay.  *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996).  Every default that is set aside necessarily results in some delay in the proceedings.  In order to constitute prejudice for purposes of declining to set aside a default, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collision."  *Id*. at 433-34.  Plaintiff has not articulated any such prejudice she might suffer if the default is set aside.

C. <u>Culpable Conduct</u>:

  With the first two factors weighing in favor of setting aside the default, the Court turns next to the culpability factor.  The Sixth Circuit has explained that "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."  *Shepard Claims Service, Inc*., 796 F.2d at 194.  "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."  *Id.*

  The Sixth Circuit has further stated that when a party has articulated a meritorious defense and the absence of prejudice to the other party, a "dramatic balancing of the factors would be required" to uphold a district court's denial of a motion to set aside a clerk's entry of default.  *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292-93 (6th Cir. 1992).  The *Waifersong* court further noted that "it would require particularly culpable conduct by defendants

to outweigh those two factors and tip the balance toward denial of relief." *Id.* at 293.

Here, Plaintiff has not established the requisite culpable conduct by Peterson. Plaintiff does not dispute that a state court judge issued some type of order prohibiting Peterson from "practicing law." Rather, Plaintiff asserts that Peterson -- who is not a lawyer --"should know that appearing on one's own behalf is not considered 'practicing law.'" (Pl.'s Resp. at 9). The Court does not find Peterson's apparent confusion and/or apprehension regarding the meaning and reach of the order was so unreasonable as to constitute an intent to thwart judicial proceedings.

Accordingly, the Court concludes that Peterson's Motion to Set Aside the Clerk's Entry of Default must be granted.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant Peterson's *pro se* Motion to Set Aside Clerk's Entry of Default is **GRANTED**.

**IT IS FURTHER ORDERED** that Peterson shall file an answer to Plaintiff's complaint within 7 days of actual receipt of this Opinion & Order.

**IT IS FURTHER ORDERED** that the Court will hold a status conference in this action on **April 30, 2007 at 2:00 p.m.**, and that Defendant Peterson shall participate in the conference by telephone.

**IT IS SO ORDERED**.

                                                      S/Sean F. Cox
                                                      SEAN F. COX
                                                      UNITED STATES DISTRICT COURT JUDGE

Dated: April 18, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jane Doe,

    Plaintiff,

v.                                                              Case No. 06-12493

Tecumseh Public Schools, Richard Fauble,     Honorable Sean F. Cox
Linda Hutchinson, James Gilmore,
Matthew Peterson, Rachel Peterson,

    Defendants.
_____/

**PROOF OF SERVICE**

The undersigned certifies that on April 18, 2007 the foregoing order was served upon counsel of record via the Court's ECF System and upon Matthew Peterson via U. S. Mail at the address below:

Matthew Peterson (601048)
Florence Crane Correctional Facility
38 Fourth Street
Coldwater, MI 49036

                                                                    s/Jennifer Hernandez
                                                                    Case Manager to
                                                                    District Judge Sean F. Cox