UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jane Doe,

    Plaintiff,

v.                                                             Case No. 06-12493

Tecumseh Public Schools, Richard Fauble,      Honorable Sean F. Cox
Linda Hutchinson, James Gilmore,
Matthew Peterson, Rachel Peterson,

    Defendants.
_____/

## **OPINION & ORDER**

This matter is currently before the Court on Plaintiff/Counter Defendant Jane Doe's Motion for Summary Judgment seeking dismissal of Defendant/Counter-Plaintiff Matthew Peterson's counterclaims. The parties have fully briefed the issues and the Court finds that oral argument would not significantly aid the decisional process and therefore orders that the motion will be decided upon the papers submitted. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court shall grant the motion in part and deny the motion in part.

BACKGROUND

Plaintiff/Counter Defendant Jane Doe ("Doe") filed this action on June 5, 2006, against Defendants Tecumseh Public Schools, Richard Fauble, Linda Hutchinson, James Gilmore, Matthew Peterson and Rachel Peterson. The only defendant that currently remains in this action, however, is Defendant Matthew Peterson ("Peterson"). Peterson is currently incarcerated and

1

was incarcerated at the time this action was commenced.

On November 21, 2006, a Clerk's Entry of Default was filed as to Peterson after he failed to respond to the complaint. On January 31, 2007, Doe filed a motion seeking a default judgment against Mr. Peterson. On February 23, 2007, the Court received a letter from Mr. Peterson, indicating that he would like to defend himself in this action but that he has not done so to date because he believes that such action is prohibited by a ruling made by a state court judge. (*See* Ex. 2 to Pl.'s Br. at 28). The Court construed Mr. Peterson's *pro se* submission as a Motion to Set Aside the Clerk's Entry of Default, so that he can then file an answer to Doe's complaint and defend himself in this action. The Court ultimately granted the motion and Peterson is therefore proceeding *pro se* in this action.

On April 26, 2006, Peterson filed an answer to Doe's complaint and also asserted counterclaims against Doe. Peterson's counterclaims are: "Defamation" (Count I); Invasion of Right to Privacy - Publication of Facts Placing Defendant in False Light" (Count II); and "Intentional Infliction of Emotional Distress" (Count III). All three counts are based upon Peterson's allegation that Doe knowingly made false allegations about Peterson. Peterson alleges that Doe "lied to police, school officials and others about, upon information and belief: being raped, consuming alcohol prior to arriving at defendant's home, voluntarily, and without defendant's knowledge, consumed more alcohol while at defendant's home, having consensual sex with three boys in one night, defendant serving [Doe] with a mixed drink containing an illegal drug, defendant coercing [Doe] into having sex with Jack DaSilva, defendant cheering and taking photos as [Doe] was allegedly raped, and defendant forbidding [Doe] from leaving his home." (Counter-Complaint at ¶ 6). Peterson alleges that Doe's false statements are the

proximate cause of the following damages: "(a) Damage to the defendant's reputation; b) fright, shock, and humiliation; c) Severe emotional distress and anguish; d) Depression; e) Loss of social pleasures, freedom, and quality of life; f) Being subjected to ridicule and ostracism; g) the break-up of his marriage; h) the loss of communication with his two children ages 6 and 3." (Counter-Complaint at ¶¶ 6 &11).

On May 22, 2007, Doe filed the instant Motion for Summary Judgment in which she asks the Court to grant summary judgment in her favor with respect to Peterson's counterclaims.

ANALYSIS

Doe seeks summary judgment with respect to Peterson's counterclaims on three separate grounds.

First, Doe asserts that Peterson is judicially estopped from asserting his counterclaims against Doe because those counterclaims are wholly inconsistent with a successfully tendered guilty plea accepted by the trial court in the state court criminal proceedings against Peterson.

Peterson responds that he is not judicially estopped from asserting his counterclaims against Doe because he only pled guilty to totally separate and unrelated charges and he therefore did not admit the truthfulness of the statements allegedly made by Doe. Peterson's Response states that "defendant contends that the only crime he committed was the crime he was convicted of. None of which include any of the allegations made by the plaintiff." (Pl.'s Resp. at 6).

The Court agrees that Peterson is not judicially estopped from asserting his counterclaims against Doe by virtue of having pled guilty to criminal charges that are unrelated to Doe's allegations of misconduct by Peterson. Judicial estoppel forbids a party from taking a position inconsistent with one "successfully and unequivocally" asserted by the same party in a prior

3

proceeding. *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 892 (6th Cir. 2002).

It is undisputed that Peterson pled guilty to the following charges, which involved Peterson allowing minors to view a video tape of two minors[1] engaged in sexual activity: two counts of the offense of child sexually abusive activity, distributing or promoting; and one count of the offense of child sexually abusive material possession. Peterson also pled guilty to criminal charges that are unrelated to any allegations in this action, that involved only Peterson and his ex-wife. All other charges[2] against Peterson were dismissed. By pleading guilty to the above mentioned specific charges, Peterson only admitted to the facts surrounding those specific charges. Peterson did not "unequivocally acknowledge" the truthfulness of any statements that Doe made to the police or others about any other acts of alleged misconduct by Peterson.

Accordingly, Peterson is not judicially estopped from asserting his counterclaims against Doe. Nevertheless, one of Doe's arguments regarding Peterson's claimed damages is well taken.

Doe contends that at his sentencing, Peterson admitted that his own conduct is the actual cause of his incarceration, loss of reputation, loss of marriage and loss of ability to see his children. Doe contends that "admission" is wholly inconsistent with the current action, wherein Peterson alleges that Doe's false statements were the proximate cause of his injuries.

With respect to Peterson's claimed damages of loss of reputation, loss of marriage and loss of ability to see his children, Doe claims that Peterson's statements at his sentencing (Ex. 2

---

[1] Doe does not claim that she was one of the two minors depicted in the tape.

[2] The transcript of Peterson's arraignment reflects that Peterson was initially charged with other offenses, such as furnishing alcohol to a minor, and that those charges were "*admitted for sentencing purposes only*," and were then dismissed at sentencing. (Ex. 1 to Pl.'s Br. at 6)(emphasis added).

4

to Def.'s Br. at 14-15) show that Peterson admitted that his own conduct was the actual cause of such losses. At his sentencing, Peterson stated as follows:

> THE COURT: Before the court passes sentence in this case, Mr. Peterson, is there anything that you wish to say on your own behalf?
>
> THE DEFENDANT: First, Your Honor, I think it is important that you know that I have had three years to go over this. If everybody comes out of this day with an apology that they can accept I will truly be happy with that. I have been punished. I have lost everything. I know I deserve to be punished and I deserve to go to prison. I just want people to understand that I know what I did was wrong. I know I have let a lot of people down. I have lost my wife and my kids and I lost everything. But my heart aches for those kids that I let down and I truly want people to believe that. That hurts me more than everything. Because for 30 years I have been a role model. And I let one night change of all that. That's it.

(Ex. 2 to Pl.'s Br. at 14-15). The Court does not view the above statements as an unequivocal admission that any loss of reputation, loss of marriage or loss of ability to see his children was caused solely by his own actions.

The Court agrees, however, that Peterson cannot claim as damages, with respect to any of his counterclaims in this action, that he was incarcerated due to Doe's false allegations because Defendant pled guilty to the charges that resulted in his incarceration (*see* Ex. 1 to Pl.'s Br.) and because Peterson has again acknowledged in this action that he committed the crimes to which he pled guilty. (Pl.'s Resp. at 6). Thus, to the extent that Peterson claims that he is incarcerated due to Doe's statements,[3] Doe is entitled to summary judgment with respect to such damage claims.

Next, Doe contends that any alleged false statements made by Doe to the police could not be the proximate cause of Peterson's alleged damages because Peterson's arrest was caused by the police officers obtaining arrest warrant. Doe also claims that her statements to the police

---

[3] Peterson's complaint alleges that "Defendant is now incarcerated due to the false allegations made by the plaintiff." (Compl. at 7).

5

could not be the proximate cause of Peterson's conviction or incarceration because Peterson was incarcerated as a result of his own guilty plea. (*See* Pl.'s Br. at 17).

Peterson, however, has not asserted a false arrest claim in this action against Doe or any other defendant and his complaint does not allege that he was arrested due to Doe's statements. Nevertheless, as stated in the previous section, to the extent that Peterson claims that he was arrested or incarcerated due to Doe's statements, Doe is entitled to summary judgment with respect to such claims.

Finally, Doe contends that she is entitled to summary judgment with respect to Peterson's counterclaims because her statements made to the police[4] are privileged because they were made in connection with a criminal investigation and were a step in the judicial proceeding. Doe relies on *Hall v. Pizza Hut of America, Inc.*, 153 Mich.App. 609 (1986). Alternatively, Doe asserts that if the Court does not find that her statements to the police are absolutely privileged, the statements enjoy at least a qualified privilege under *Hall*.

Another decision of the Michigan Court of Appeals following *Hall*, however, provides that under Michigan law, no more than a qualified privilege attaches to communications made to police officers concerning criminal activity. *Smith v. Primco Mgmt. Corp.*, 1997 WL 33344476 (Mich. App. 1997). In *Smith,* the Michigan Court of Appeals stated:

> Defendants also contend that plaintiff's defamation claim fails because any allegations made by defendant to the police officers were privileged. While some type of privilege attaches to communications made to police officers in the context of suspected criminal activity, Michigan law is not entirely clear regarding whether that privilege is absolute or qualified. In *Hall v. Pizza Hut of America,*

---

[4]The Court notes that Peterson alleges that Doe also made false statements to individuals other than police officers (*i.e.,* "police, school officials and others"), but Doe's motion only addresses her privilege arguments in relation to her statements to police officers.

> *Inc.,* 153 Mich. App. 609, 619; 396 NW2d 809 (1986), this Court, ostensibly relying on *Shinglemeyer v. Wright*, 124 Mich. 230, 239-240; 82 NW 887 (1900), stated that 'information given to police officers regarding criminal activity is absolutely privileged.' This statement would seem to support defendants' position that the statements made to the police officers were absolutely privileged and may not support a defamation action.
>
> However, the statement of the *Hall* Court quoted in the preceding paragraph must be read in context. Though this Court pronounced the privilege to be absolute, in the very next sentence we stated that even if statements to a police officer concerning criminal activity are 'not absolutely privileged, a qualified privilege' attaches. Clearly, the Court was not entirely certain that the privilege was absolute. Further, the *Shinglemeyer* decision expressly provided that where one maliciously gives false information to the police, such a communication may 'form the basis themselves [of] an action for slander.' *Shinglemeyer, supra*, p. 239. Thus, because the decision of our Supreme Court in *Shinglemeyer* is preeminent over any statements on the matter made by this Court, *Boyd v. WG Wade Shows*, 443 Mich. 515, 523; 505 NW2d 544 (1993), we conclude that no more than a qualified privilege attaches to communications made to police officers concerning criminal activity.

*Smith, supra*, at *3. Thus, under Michigan law, no more than a qualified privilege attaches to communications that Doe made to police concerning alleged criminal activity by Peterson. A qualified privilege does not apply when the statement at issue was made with actual malice. *Smith, supra; Hall, supra*.

Here, Peterson's counterclaims allege that Doe knowingly made false statements to the police concerning Peterson's conduct. If that allegation is proven, Peterson will have shown that Doe acted maliciously with respect to her communications to police officers. *Smith, supra*, at *3. Accordingly, Doe is not entitled to summary judgment with respect to Peterson's defamation claims on the basis of privilege. *Id.*

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Doe's Motion for Summary

7

Judgment seeking dismissal of Peterson's counterclaims is **GRANTED IN PART AND DENIED IN PART.** To the extent that Peterson claims that he was arrested or incarcerated due to Doe's statements, Doe is entitled to summary judgment with respect to such claims. The motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

        s/Sean F. Cox  
        Sean F. Cox  
        United States District Judge

Dated: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2007, by electronic means and upon Matthew Peterson via First Class Mail at the address below:

Matthew Peterson  
601048  
Florence Crane Correctional Facility  
38 Fourth Street  
Coldwater, MI 49036

        s/Jennifer Hernandez  
        Case Manager