UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jane Doe,

      Plaintiff,

v.                                     Case No. 06-12493

Tecumseh Public Schools, Richard Fauble,    Honorable Sean F. Cox
Linda Hutchinson, James Gilmore,
Matthew Peterson, Rachel Peterson,

      Defendants.

_____/

## OPINION & ORDER

      This Opinion & Order memorializes this Court's December 12, 2007, ruling at the Final

Pretrial Conference in this matter dismissing Plaintiff Jane Doe's claims against

Defendant/Counter-Plaintiff Matthew Peterson ("Peterson"), and dismissing Peterson's counter-

claims against Doe, as a sanction for their failure to follow this Court's pretrial requirements and

the court rules relating to same.

## BACKGROUND

      This case has an unusual and protracted history.  Much of the background of this case is

set forth in several prior opinions and orders issued by this Court.  The Court includes here only

those background facts that are relevant to the issues currently before the Court.

      Plaintiff Jane Doe ("Doe") filed this action on June 5, 2006, and asserted claims against

several defendants.  As indicated in her complaint, one[1] of the Defendants, Peterson, was

_____

[1]Doe has since dismissed all defendants other than Peterson.

incarcerated on criminal charges when Doe's complaint was filed.

On August 29, 2006, this Court issued a Scheduling Order that provided that discovery would close on February 1, 2007, and set this case for trial on this Court's May/June 2007 trailing trial docket.

On November 21, 2006, a Clerk's Entry of Default was filed as to Peterson after he failed to respond to the complaint. On January 31, 2007, Plaintiff filed a motion seeking a default judgment against Peterson.

On February 23, 2007 – approximately eight months after the complaint was filed by Plaintiff and after discovery had closed -- the Court received a letter from Peterson, indicating that he would like to defend himself in this action. The Court liberally construed Peterson's *pro se*[2] submission as a Motion to Set Aside the Clerk's Entry of Default, so that he could then file an answer to Plaintiff's complaint and defend himself in this action. The Court ultimately granted the motion and Peterson has since been proceeding *pro se* in this action. On April 26, 2007, Peterson filed an answer to Doe's complaint and he also asserted counterclaims against Doe.

Since that time, the Court has held several conferences with Doe's counsel and Peterson, during which the Court advised Peterson that: 1) he may wish to retain counsel to represent him in this matter, 2) if he elected to represent himself he would be required to comply with the court rules and requirements, and the Court could not give him legal advice; and 3) the Court would not allow this case to languish.

Due to Peterson's delayed entry into the case, the Court issued a "2nd Scheduling Order"

_____

[2]Peterson attended law school prior to his incarceration, but he is not a licensed attorney.

on April 30, 2007. (Docket Entry No. 55). That revised scheduling order provided, among other things, that: 1) discovery would close on June 29, 2007; and 2) trial was scheduled for January/February, 2008. The 2nd Scheduling Order expressly stated that "A proposed <u>Joint Pretrial Statement signed by counsel for all parties, shall be filed with the Court **one week prior** to the Final Pretrial Conference.</u> The requirements of such a pretrial order are attached. ***All requirements must be complied with.***" (2nd Scheduling Order at 1)(emphasis in original). At pages 6 & 7, the 2nd Scheduling Order set forth the specific requirements for the Joint Final Pretrial Order and on page 7, expressly warned:

> **(c) Failure to Cooperate**. For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

(*Id.* at 7).

In an order dated November 1, 2007, this Court rescheduled the Final Pretrial Conference for December 4, 2007. Accordingly, the parties were required to submit the Joint Final Pretrial Order to the Court no later than November 27, 2007. Neither party, however, submitted anything related to the pretrial order to the Court on or before November 27, 2007, nor did either party request an extension of time for submitting same.

This Court's November 28, 2007 Order denied a second motion for summary judgment by Doe as untimely, ordered the parties to submit a pretrial order prior to the pretrial conference which had been adjourned to December 9, 2007, and expressly reminded both parties that the Court would impose sanctions, **including dismissal of claims**, if either party failed to comply with the requirements for submitting the pretrial order:

Accordingly, **IT IS ORDERED** that Doe's Second Motion for Summary Judgment is **DENIED AS UNTIMELY**.

. . . .

The parties are further **ORDERED** to submit a proposed Joint Pretrial Statement signed by counsel for Plaintiff, and by Peterson, prior to the Final Pretrial Conference. The requirements of that pretrial order are set forth in this Court's April 30, 2007 Scheduling Order. Both parties are cautioned that for failure to cooperate in preparing or submitting the joint final pretrial order, or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, or impose other appropriate sanctions.

**IT IS SO ORDERED**.

(Docket Entry No. 88).

Although the Final Pretrial Conference was rescheduled for December 7, 2007, neither party submitted any pretrial materials prior to that date. The Final Pretrial Conference was adjourned again, this time until December 12, 2007.

Nevertheless, Peterson submitted no information whatsoever relating to the Final Pretrial Order. Thus, Peterson has not: 1) identified any witnesses he intends to call at trial; 2) identified any exhibits he intends to use at trial; 3) provided Doe's counsel with copies of exhibits he intends to use at trial; 4) provided a statement of this Court's jurisdiction over his counterclaims; 5) provided a statement regarding his counterclaims against Doe, or the legal theory for same; 6) provided a statement of his defenses to Doe's claims against him; 7) stipulated to any facts; 8) identified any facts to be litigated; 9) identified any issues of law to be litigated; 10) identified any evidentiary issues that might arise at trial; and 11) provided an itemized statement of his damages; or 12) indicated whether it would be a bench or jury trial.

On December 11, 2007 – one day prior to the Final Pretrial Conference -- Counsel for Doe submitted a proposed "Joint Pretrial Order." That submission states that "Plaintiff submitted her portions of the joint-pretrial order to Defendant Peterson, who is incarcerated, but

did not receive any input back from him. As such, only Plaintiff's portions are found below."
(Docket Entry No. 95 at 1). Doe's submission indicates that she wishes to voluntarily dismiss
her claims because any judgment she receives against Peterson will presumably be uncollectible.

Doe's submission further states that "if the Court permits Defendant's counterclaim to go
forward, Plaintiff requests a bench trial." Doe does not, however, identify any witnesses that she
intends to call at trial, nor does she identify any exhibits she intends to use at trial.

## ANALYSIS

Given that both parties have repeatedly failed to comply with the court rules, and this
Court's requirements, for submitting pretrial information to the Court, the Court was once again
unable to proceed with a final pretrial conference on December 12, 2007.

Rule 16 of the Federal Rules of Civil Procedure provides that if a party or a party's
attorney fails to obey a scheduling or pretrial order, or is unprepared to participate in a pretrial
conference, the court may, on its own initiative, impose sanctions. Such sanctions include the
dismissal of claims. (*Id.*).

In addition, Rule 16.2 of the Local Rules for the Eastern District of Michigan governs
joint final pretrial orders and the requirements for same. The rule provides that counsel for a
plaintiff, or a plaintiff without counsel, shall compile the order and confer with the opposing
party regarding the order. Rule 16.2 further provides that the court may impose sanctions for the
failure to cooperate with the requirements relating to pretrial orders:

> **(c) Failure to Cooperate**. For failure to cooperate in preparing or submitting the
> joint final pretrial order or failure to comply strictly with the terms of the joint
> final pretrial order, the Court may dismiss claims, enter default judgment, refuse
> to permit witnesses to testify or to admit exhibits, assess costs and expenses,
> including attorney fees, or impose other appropriate sanctions.

5

L.R. 16.2(c).  This Court specifically incorporated Rule 16.2(c) into its April 30, 2007

Scheduling Order.

"Under the local rule, a district court has broad latitude to impose 'appropriate sanctions'

on a party for failing to cooperate in preparing or submitting the joint final pretrial order."

*Bawle v. Rockwell Int. Corp*., 79 Fed. Appx. 875, 878 (6th Cir. 2003).

This Court is mindful that dismissal of a party's claims is a harsh sanction.  Nevertheless,

the Court concludes that, under the unique facts of this case, dismissal of each party's remaining

claims is the only appropriate sanction.

The other options for sanctions under Local Rule 16.2 include: entry of a default

judgment against the non-complying party, striking witnesses or exhibits, or assessing costs or

expenses.  In this Court's view, entering a default judgment against the parties would be a far

harsher sanction, and more difficult to implement, than a dismissal of each party's remaining

claims.

In addition, striking witnesses or exhibits would have no practical application here.  In

cases where a party has filed a final pretrial order, but simply failed to identify or list a particular

witness or exhibit that it wishes to call or use at trial, courts have imposed the sanction of

striking the witnesses or exhibits that were not timely identified.  Here, however, despite this

Court's written warning to both parties that it would impose sanctions up to and including

dismissal of claims for failure to comply with the pretrial order requirements, and despite the fact

that the Court adjourned the final pretrial conference several times, giving the parties more time

to submit the required information, neither party has identified a single trial exhibit or witness.

Thus, the Court cannot simply strike a particular witness or exhibit or rule that each party may

only call/use those witnesses/exhibits that were identified in the pretrial order.

The Court also concludes that imposing costs or fines would be an inappropriate sanction in this case, in light of the fact that *both parties* have failed to comply with the pretrial order requirements.  In addition, Peterson is incarcerated and, by all accounts, would be unable to pay any costs, fines or expenses.  Moreover, without the requisite pretrial information from the parties, as a practical matter, this action simply cannot proceed to trial.  Accordingly, the Court concludes that dismissal of each party's remaining claims is the most appropriate sanction under the rather unusual circumstances of this case.

Peterson contends that this Court should not dismiss his claims for his failure to provide the Court with any pretrial information simply because he is a *pro se* litigant.

The Court disagrees.

"[E]ven a *pro se* litigant, whether a plaintiff or a defendant, is required to follow the law. In particular, a willfully unrepresented plaintiff volitionally assumes the risk and accepts the hazards which accompany self-representation."  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir. 2000)(citing *McNeil v. United States*, 508 U.S. 106 (1993)(wherein the Supreme Court commented that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."  *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

This Court has already given Peterson considerable latitude as a *pro se* litigant, in that this Court set aside the previous default against Peterson and allowed him to defend himself against Doe's claims and assert counterclaims – although Peterson had waited eight months to even appear in this action. This Court specifically advised Peterson that the Court would not tolerate further delays in this action or allow this case to languish. Peterson was also aware, from the onset of his entry into this action, of the risks of proceeding without counsel.

This Court also advised both parties, in its April 30, 2006 Scheduling Order, of this Court's pretrial requirements and the Local Rule pertaining to same, including the portion of the Local Rule providing that the Court may dismiss claims for failure to follow the pretrial requirements. Moreover, in this Court's November 28, 2007 Order, the Court specifically **ordered** the parties to submit a pretrial order prior to the pretrial conference and cautioned both parties that the Court may dismiss claims for failure to do so. When the parties failed to submit the required materials, the Court adjourned the final pretrial conference several times, providing both parties with additional time to submit the required information. Nevertheless, the requisite information was not submitted to this Court and on December 12, 2007, the Court advised the parties that it was going to dismiss the remaining claims.

Thus, Peterson's counter-claims were "not dismissed as the result of inartful pleadings or any lack of legal training, but rather because he failed to adhere to readily comprehended court deadlines of which he was well-aware." *Jourdan*, 951 F.2d at 110.

Furthermore, there had been no indication to this Court that Peterson's incarceration caused any inability to proceed or follow the procedural requirements at issue. At the December 12, 2007 conference, Peterson acknowledged that nothing has prevented him from filing

submissions in this case.  In addition, Peterson has had no difficulty in corresponding with Doe's counsel throughout this case.  In fact, Peterson obtained discovery from Doe and the parties were able to resolve discovery disputes without the Court's intervention.

In sum, Peterson was aware of his obligation to comply with this Court's pretrial requirements, was aware that this Court would not tolerate further delay in this action, and was specifically warned that the Court was contemplating dismissing claims if the parties failed to comply with the pretrial requirements.  Nevertheless, he failed to comply with those straightforward requirements and his *pro se* status does not excuse that failure.

Accordingly, for the reasons set forth above, **IT IS ORDERED** that:  1) Doe's claims against Peterson are hereby **DISMISSED**; and 2) Peterson's counter-claims against Doe are hereby **DISMISSED.**

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  December 13, 2007

I hereby certify that on December 13, 2007, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Matthew Peterson
601048
Florence Crane Correctional Facility
38 Fourth Street
Coldwater, MI 49036

S/Jennifer Hernandez
Case Manager