UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jane Doe,

    Plaintiff,

v.                                                          Case No. 06-12493

Tecumseh Public Schools, Richard Fauble,      Honorable Sean F. Cox
Linda Hutchinson, James Gilmore,
Matthew Peterson, Rachel Peterson,

    Defendants.
_____/

**OPINION & ORDER
DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION
FOR EXTENSION OF TIME TO APPEAL**

This matter is currently before the Court on Plaintiff/Counter-Defendant Jane Doe's ("Doe") Motion for Extension of Time to Appeal. Pursuant to Rule 7.1(e)(2) of the Local Rules for the Eastern District of Michigan, the Court orders that the motion will be decided without oral argument. For the reasons that follow, Doe's motion shall be DENIED.

BACKGROUND

As explained more fully in this Court's December 13, 2007 Opinion & Order (*see* Docket Entry No. 96), this case has an unusual and protracted history. The Court includes here some limited background information that is relevant to the narrow issue currently before the Court.

Doe filed this action on June 5, 2006, asserting claims against several defendants, including Defendant/Counter-Plaintiff Matthew Peterson ("Peterson").

Due to Peterson's delayed entry into the case, the Court issued a "2nd Scheduling Order" on April 30, 2007. (Docket Entry No. 55). That revised scheduling order stated, among other

1

things, that "A proposed Joint Pretrial Statement signed by counsel for all parties, shall be filed with the Court **one week prior** to the Final Pretrial Conference." (2nd Scheduling Order at 1)(emphasis in original). At pages 6 & 7, the 2nd Scheduling Order set forth the specific requirements for the Joint Final Pretrial Order and on page 7, expressly warned that failure to comply with those requirements could result in sanctions, including dismissal of claims. (*Id.* at 7).

As of the December 4, 2007 Final Pretrial Conference date, the only parties that remained in this action were Peterson and Doe. Although the parties were required to submit a Joint Final Pretrial Order to the Court no later than November 27, 2007, neither party submitted anything on or before that date, nor did either party request an extension of time for submitting same.

This Court's November 28, 2007 Order denied a second motion for summary judgment by Doe as untimely, ordered the parties to submit a pretrial order prior to the pretrial conference which had been adjourned to December 9, 2007, and expressly reminded both parties that the Court would impose sanctions, **including dismissal of claims**, if either party failed to comply with the requirements for submitting the pretrial order. (Docket Entry No. 88).

Although the Final Pretrial Conference was rescheduled for December 7, 2007, neither party submitted any pretrial materials prior to that date either. The Final Pretrial Conference was adjourned again, this time until December 12, 2007.

Nevertheless, Peterson still failed to submit any information relating to the Final Pretrial Order. On December 11, 2007, Counsel for Doe submitted a proposed "Joint Pretrial Order" stating that Plaintiff submitted her portions of the joint-pretrial order to Peterson, "but did not receive any input back from him." Doe's submission stated that "if the Court permits

2

Defendant's counterclaim to go forward, Plaintiff requests a bench trial." Doe did not, however, identify any witnesses that she intends to call at trial, nor did she identify any exhibits she intends to use at trial.

Thus, the Court was once again unable to proceed with a final pretrial conference on December 12, 2007. Both parties were aware of this Court's pretrial requirements, were aware that this Court would not tolerate further delay in this action, and were expressly warned that the Court was contemplating dismissing claims if the parties continued to fail to comply with the pretrial requirements. Nevertheless, they both failed to comply with those straightforward requirements. This Court therefore dismissed each party's remaining claims as a sanction for their failure to follow this Court's pretrial requirements and the court rules relating to same. (*See* 12/13/07 Opinion & Order).

A final judgment was issued on December 13, 2007. (Docket Entry No. 97).

Peterson filed a Notice of Appeal on January 7, 2008, along with an application to proceed in *forma pauperis* on appeal. This Court granted Peterson's application on January 15, 2008.

On February 7, 2008, Doe filed the instant Motion for Extension of Time to Appeal. (Docket Entry No. 103). Her motion states, in its entirety, as follows:

> NOW COMES [Doe], by and through her attorneys, MORGAN & MEYERS PLC, and hereby moves this court to extend the time in which [she] can file a notice of appeal, pursuant to F.R.A.P. 4(a)(5). In support of her motion, [Doe] states the following:
> 
> 1. On January 7, 2008, [Peterson] filed a notice of appeal from this Court's order dismissing his counterclaims.
> 2. Pursuant to F.R.A.P. 4(a)(3), [Doe] had 14 days after this notice was filed to file a notice of appeal.
> 3. Pursuant to F.R.A.P. 4(a)(5), however, this court may extend the time to file a notice of appeal if a party so moves no later than the time prescribed by F.R.A.P,

>     expires.
> 4. The time prescribed by F.R.A.P. expired on January 21, 2007. [Doe] has moved this court to extend to file a notice of appeal within the 30 days prescribed by F.R.A.P. 4(a)(5).
>
>     WHEREFORE, Plaintiff respectfully requests that this honorable court grant [Doe's] motion and, pursuant to F.R.A.P. 4(a)(5), extends the time within which [Doe] may file a notice of appeal.

(Pl.'s Motion at 1-2). In violation of Local Rule 7.1(c), which provides that all motions must be accompanied by a brief, Doe did not file a brief in support of her motion.

## ANALYSIS

The Federal Rules of Appellate Procedure govern the appeal of cases from the district court to the court of appeals. Rule 4(a) provides that "in a civil case in which an appeal is permitted . . . the notice of appeal required by Rule 3 must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." F.R.A.P. 4(a)(1). Rule 4(a)(5), however, allows for an extension of the time period set out in Rule 4(a) if a party can "show excusable neglect or good cause."

Thus, Doe is required to demonstrate good cause or excusable neglect to merit an extension of time to file a notice of appeal. *See Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). "Good cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Id.*

"Excusable neglect has been held to be a strict standard which is met only in extraordinary cases." *Id.* (Citing *Marsh v. Richardson*, 873 F.3d 129, 130 (6th Cir. 1989). Moreover, "[i]gnorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." *Id.*

Here, Doe's motion does not even reference the good cause or excusable neglect standard

that applies to her motion and, more importantly, **Doe has offered no explanation whatsoever for why she failed to file a notice of appeal within the time permitted under the rules**.[1] Accordingly, Doe has failed to meet her burden of establishing good cause or excusable neglect and this Court must deny her motion. *Nicholson, supra; see also Deym v. Von Fragstein*, 1997 WL 650933 (6th Cir. 1997).

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Doe's Motion for Extension of Time to Appeal is **DENIED**.

**IT IS SO ORDERED**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: February 12, 2008

I hereby certify that on February 12, 2008, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Matthew Peterson
601048
Florence Crane Correctional Facility
38 Fourth Street
Coldwater, MI 49036

        s/ Jennifer Hernandez
        Case Manager

---

[1] The Court notes that, given the history of this case, had Doe stated that her failure to file a notice of appeal was due to clerical errors, inadvertence, errors in construing the rules, or errors in calendaring dates, the Court would still deny the motion. *Nicholson, supra; see also Deym v. Von Fragstein*, 1997 WL 650933 (6th Cir. 1997).